UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN F. TAPIA NOVILLA,

                Plaintiffs,

      v.

GEO FREIGHT, INC. AND JOHN DOE,

                Defendants.

No. 24-cv-2142 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

    During the conference held on May 10, 2024, the Court raised the issue of whether jurisdiction has been properly alleged in the Complaint.

    Among other things, the Complaint alleges only Plaintiff's residency and not his state of citizenship. Plaintiff has thus not properly alleged diversity jurisdiction. *See, e.g., Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 102–03 (2d Cir. 1997) (explaining that the plaintiff's allegation that she was a "resident" of Virginia was insufficient to establish diversity jurisdiction over claims against Massachusetts corporation); *Adrian Fam. Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003) ("It is well established that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens." (cleaned up)).

    In addition, the Complaint alleges that GEO Freight is a "corporation organizing and existing under and by virtue of the laws of the State and New York," a "foreign business company organized and existing under and by virtue of the laws of the State of North Carolina," and a "foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina." These allegations present several problems. First, the Complaint does not allege GEO Freight's principal place of business. For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . .

where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "If a complaint fails to allege a corporation's principal place of business, and if there is a possibility that a party's citizenship, through its principal place of business, might destroy diversity, then the pleading is insufficient to establish diversity jurisdiction." *Kruglov v. Copart of Connecticut, Inc.*, 771 F. App'x 117, 118 (2d Cir. 2019) (cleaned up). Next, if both GEO Freight and Plaintiff are citizens of New York, the Court lacks diversity jurisdiction over this matter. *See* 28 U.S.C. § 1332. Third, if GEO Freight is an LLC, the "[C]omplaint . . . must allege the citizenship of natural persons who are members of [the] limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *Kruglov*, 771 F. App'x at 118. Finally, the parties' joint statement that GEO Freight is a South Carolina corporation is inconsistent with the Complaint.

      If Plaintiff seeks to proceed with this action, he shall file an amended complaint addressing the deficiencies described no later than May 20, 2024. The Court will enter the proposed case management plan only upon receipt of an amended complaint that properly establishes diversity jurisdiction.

SO ORDERED.

Dated:   May 13, 2024
           New York, New York

                                                Hon. Ronnie Abrams
                                                United States District Judge